Lin v. Garland

BIA
Loprest, IJ
A206 260 502

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of May, two thousand twenty-two.

PRESENT:
> MICHAEL H. PARK,
> BETH ROBINSON,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

BING QING LIN,
> *Petitioner,*

v.                                          20-370
                                            NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Zhou Wang, New York, NY.

FOR RESPONDENT:          Jeffrey Bossert Clark, Acting
                         Assistant Attorney General; Holly
                         M. Smith, Senior Litigation
                         Counsel; Jesse D. Lorenz, Trial

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bing Qing Lin, a native and citizen of the People's Republic of China, seeks review of a January 16, 2020, decision of the BIA affirming an April 2, 2018, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bing Qing Lin,* No. A 206 260 502 (B.I.A. Jan. 16, 2020), *aff'g* No. A 206 260 502 (Immig. Ct. N.Y.C. Apr. 2, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review an adverse credibility determination under a "substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the

2

administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness," inconsistencies within and between an applicant's statements and other evidence, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Lin was not credible as to her claim that she was detained and physically abused for attending an unauthorized Christian church.

The agency reasonably relied on inconsistencies among Lin's statements and evidence regarding the conditions

3

of her confinement, her alleged mistreatment, her reason for leaving China, and her residence in the United States. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Contrary to Lin's position, the agency was not required to credit her explanations because they did not necessarily resolve the inconsistencies: "A petitioner must do more than offer a plausible explanation for h[er] inconsistent statements to secure relief; [s]he must demonstrate that a reasonable fact-finder would be *compelled* to credit h[er] testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks omitted); *see also Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence . . . a reviewing court must defer to [the agency's] choice so long as the deductions are not illogical or implausible." (internal quotation marks and citation omitted)). Moreover, contrary to her position that the inconsistencies were not material, the inconsistencies regarding her conditions of confinement and past visa application call into question the basis of her asylum claim and her reason for leaving China. Moreover, the agency is permitted to rely on even non-material inconsistencies. *See*

4

*Hong Fei Gao*, 891 F.3d at 77 ("IJs may rely on non-material omissions and inconsistencies," so long as they have a "tendency to suggest a petitioner fabricated his or her claim"); *Xiu Xia Lin*, 534 F.3d at 167 (holding that "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determinations as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible" (quoting 8 U.S.C. § 1158(b)(1)(B)(iii))).

The adverse credibility determination is bolstered by the IJ's demeanor finding, to which we defer and which Lin does not challenge. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) (giving "particular deference" to demeanor finding because "the IJ's ability to observe . . . demeanor places her in the best position to evaluate whether apparent problems in the . . . testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question"); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Regardless of waiver, the record supports the

5

demeanor finding given Lin's struggle to consistently describe her detention. *See Li Hua Lin*, 453 F.3d at 109 ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony.").

Finally, the agency reasonably concluded that Lin's corroborating evidence did not rehabilitate her testimony or otherwise satisfy her burden of proof. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) ("The testimony . . . may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible . . . . In determining whether the applicant has met the . . . burden, the trier of fact may weigh the credible testimony along with other evidence of record."); *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (an asylum applicant's failure to corroborate testimony may bear on credibility "because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question"). Again, Lin has waived any challenge to the corroboration finding. *See Norton*, 145 F.3d at 117. Even

if not waived, the agency reasonably afforded little weight to Lin's corroborating evidence because it either contained misspellings on purportedly official documents, was authored by interested witnesses not subject to cross examination, or both. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *Matter of H-L-H & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (giving diminished evidentiary weight to letters from "relatives and friends," because they were from interested witnesses not subject to cross-examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

In sum, given the multiple inconsistencies, demeanor finding, and lack of reliable corroboration, substantial evidence supports the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d

Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe,
                                    Clerk of Court